IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


LANIEL DAVENPORT,              )
                              )
          Plaintiff           )
                              )
     v.                       )    Civil Action No. 08-110
                              )
CITY OF CLAIRTON, PA and      )
OFFICER MICHAEL MERLINO,      )
                              )
          Defendants          )


REPORT AND RECOMMENDATION


I. Recommendation

        Presently before the court is Plaintiff, Laniel
Davenport's("Davenport"), motion for partial summary judgment on the
issue of Defendants, Officer Michael Merlino's ("Merlino"),42 U.S.C.
§ 1983 liability for Davenport's arrest for disorderly conduct and
obstruction of administration of law or other government function
offenses.  It is respectfully recommended that Davenport's motion
for partial summary judgment(Docket No. 19)be denied.

II.  Report

    A.   Factual and Procedural History

        On July 13, 2006, Clairton Police Officer Gobbels attempted to stop a vehicle in response to a police radio broadcast regarding a fleeing suspect. Although the officer activated his overhead lights and siren, the vehicle did not stop. At this point, Officer Merlino, traveling in a separate marked police car, pulled in front of and stopped the suspect vehicle. The two officers proceeded to remove and attempt to identify the driver and two passengers. The driver of the vehicle, Brittan Davenport, was handcuffed and secured in the back of Merlino's police cruiser.

        While waiting for a tow of the suspect vehicle, Officer Merlino observed a driver, later identified as Laniel Davenport, pull into a parking lot and stop about thirty feet from Merlino's car. Davenport alighted from his vehicle and approached Officer Merlino, yelling that the stopped vehicle belonged to him and that the person secured in the rear of Merlino's cruiser was his son. Merlino described Davenport's demeanor as "somewhat aggressive." (Merlino Dep. at 103, October 30, 2008, (Doc. No. 21)). "[H]e approached me, walking somewhat fast. He was obviously in an agitated state because he was looking around. He seemed agitated." Id. at 104. Although Davenport did not initially respond to Merlino's verbal instruction to step beck, he eventually stopped

about three feet from the officer.  At this point, Davenport's hands were at his sides with his fists clenched and he was breathing heavily. Davenport then lifted up his shirt, revealing a gun tucked into the waistband of his pants.  Merlino immediately unholstered his service revolver, shouted the word "gun" and ordered Davenport to show his hands.  Davenport raised his hands, turned around, and began walking away.  Merlino gave several commands to Davenport to lay on the ground, but Davenport did not comply.  Merlino then applied his taser on Davenport's back and Davenport fell to the ground.  Davenport was charged with a misdemeanor disorderly conduct offense, in violation of 18 Pa.C.S. §5503(b) and obstruction of administration of law or other government function, in violation of 18 Pa.C.S. §5101.  Merlino did not appear at Davenport's preliminary hearing, and the criminal charges were dismissed.

On January 24, 2008, Davenport filed a complaint under 42 U.S.C. § 1983 alleging, inter alia, that Merlino violated his civil rights by lodging criminal charges against him.  On February 2, 2009, Davenport filed the instant motion for partial summary judgment on Merlino's liability, arguing that the officer did not have probable cause to arrest him for either disorderly conduct or obstruction of administration of law.  The defendants did not file cross-motions for summary judgment.

B.  <u>Standard of Review</u>

3

Under Fed.R.Civ.P. 56(c), "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law[,]" summary judgment should be granted. The threshold inquiry is whether there are any genuine factual issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party. Andersen v. Liberty Lobby, Inc., 477 U.S. 242, 250(1986). A Court may grant summary judgment if the non-moving party fails to make a factual showing "sufficient to establish an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322(1986). In making this determination, the non-moving party is entitled to all reasonable inferences. Lawrence v. City of Philadelphia, 527 F.3d 299, 310 (3d Cir. 2008). A court may not, however, make credibility determinations or weigh the evidence in making its determination. Reeves v. Sanderson Plumbing Products Inc., 530 U.S. 133, 150(2000).

C. Discussion

42 U.S.C. §1983 imposes civil liability on a person who, acting under the color of state law, deprives another of a right secured by the Constitution or laws of the United States. Gomez v. Toledo, 446 U.S. 635, 640(1980). Davenport does not contest that

his arrest was carried out under the color of state law, rather, he alleges that the arrest was without probable cause and violated his constitutional rights.

The Fourth Amendment requires that a police officer have probable cause to arrest a citizen. <u>Paff v. Kaltenbach</u>, 204 F.3d 425, 435 (3d. Cir. 2000). The particular inquiry in a section 1983 claim based on false arrest is whether the arresting officer had probable cause to believe that the person arrested had committed the offense and not whether the actor actually committed the offense. <u>Groman v. Township of Manalapan</u>, 47 F.3d 628, 634 (3d Cir. 1995). Probable cause exists "when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." <u>Orsatti v. New Jersey State Police</u>, 71 F.3d 480, 483 (3d Cir. 1995). In a section 1983 case, the existence of probable cause is generally a factual question, suitable for jury determination. <u>Montgomery v. De Simone</u>, 159 F. 3d 120, 124 (3d Cir. 1998). "This is particularly true where the probable cause determination rests on credibility conflicts." <u>Merkle v. Upper Dublin School District</u>, 211 F.3d 782, 788 (3d Cir. 2000)(citation omitted). In instances where the section 1893 defendant has filed a motion for summary judgment on the probable cause issue, if the evidence viewed favorably to the plaintiff

supports a finding of probable cause for the arrest, the court may find that probable cause exists as a matter of law.  <u>Sherwood v. Mulvihill</u>, 113 F.3d 396, 401 (3d Cir. 1997).  Merlino has not requested that summary judgment be awarded in his favor on the probable cause question, but argues only that issues of material fact preclude entry of judgment in favor of Davenport.

Davenport was charged with disorderly conduct and obstruction of administration of law in connection with the activity occurring in the parking lot on July 13, 2006.  Under Pennsylvania law, disorderly conduct is defined as:

### 5503. Disorderly conduct

**(a) Offense defined.**– A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

(1) engages in fighting or threatening, or in violent or tumultuous behavior;

(2) makes unreasonable noise;

(3) uses obscene language, or makes an obscene gesture; or

(4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.

**(b) Grading.**--An offense under this section is a misdemeanor of the third degree if the intent of the actor is to cause substantial harm or serious inconvenience, or if he persists in

6

disorderly conduct after reasonable warning or
request to desist. Otherwise disorderly conduct
is a summary offense.

18 Pa.C.S. §5503(a),(b).


        The affidavit of probable cause accompanying the criminal
complaint charging Davenport with disorderly conduct reads, in
relevant part, as follows:

> AN UNIDENTIFIED BLACK MALE EXITED THE VEHICLE
> AND APPROACHED MY PATROL UNIT WHICH HAD A
> PRISONER.  I ADVISED THIS MALE SEVERAL TIMES
> TO BACK AWAY FROM MY CAR.  HE FAILED TO COMPLY
> AND KEPT YELLING AT ME STATING THAT THE
> VEHICLE WAS HIS.  HE THEN BECAME AGITATED, AND
> I OBSERVED HIM START BREATHING HEAVY, AND
> CLENCH HIS FISTS.  THIS MALE THEN PICKED UP
> THE BOTTOM OF HIS SHIRT, FLASHING WHAT I
> OBSERVED TO BE A BLACK HANDGUN IN HIS WAIST
> BAND.  I ADVISED HIM SEVERAL TIMES TO SHOW ME
> HIS HANDS.  HE PLACED HIS HANDS NEAR HIS
> CHEST, TURNED AWAY FROM ME AND BEGAN TO WALK
> AWAY.  STILL DID NOT COMPLY AND HE WAS TASED.

Plaintiff's App. to Concise Statement of Material Facts, Ex. 1 at
4 (Doc. #21).

        Davenport contends that there was no probable cause to
arrest him for disorderly conduct because Merlino admitted in his
deposition that Davenport did not use profanities, was not behaving
a loud or boisterous manner, and did not engage in fighting or
tumultuous conduct.  He then argues that Merlino's perception that
Davenport was acting aggressively was not sufficient to establish

probable cause to arrest him for disorderly conduct.

Davenport's summary of Merlino's reasons for the disorderly conduct arrest is remarkable in its omissions. In his deposition testimony and in the affidavit of probable cause, Officer Merlino described Davenports's demeanor as aggressive, noting his clenched fists and heavy breathing. Significantly missing from Davenport's recital of the factors supporting probable cause are the fact that Davenport flashed a gun at the police officer and that he disobeyed a number of requests to show his hands and to get down on the ground. This conduct, viewed favorably to Merlino, is more than sufficient to demonstrate that a factual issue appropriate for jury determination exists on probable cause for Davenport's disorderly conduct and precludes the entry of summary judgment in his favor.

Davenport also argues that there was no probable cause for his arrest for obstructing the administration of law or other government function. In his deposition, Merlino testified that the encounter with Davenport interfered with the investigation as follows: "We were still trying to ID people and figure out who we had and what cars and what the situation was." Merlino Dep., id. at 147. Merlino later admitted however, that all the individuals had been identified prior to his confrontation with Davenport. In his brief, Merlino contends only that Davenport's actions

interfered with the search of the subject vehicle, but does not offer any evidentiary basis for this claim.[1]  On this record, Davenport's evidence supports a determination that a jury could conclude that Merlino did not have probable cause to arrest Davenport for obstruction of administration of law.

This conclusion, however, does not entitle Davenport to summary judgment on the issue of Merlino's § 1983 liability.  It is not necessary to demonstrate probable cause on each offense that could be charged.  Probable cause is needed for only one of the  crimes that could be charged under the circumstances.  Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir. 1994).

The court, therefore, concludes that a genuine issue of material fact concerning probable cause for Davenport's arrest for disorderly conduct exists and precludes entry of partial summary judgment against Merlino on §1983 liability.

D.  Conclusion

For the reasons stated, the court recommends that

---

[1]  Merlino's cites to p.106 of his deposition to support his position that Davenport's behavior prevented him from searching the automobile, but this page was not a part of the record filed with the court.  The court requested Merlino's counsel to supplement the record to include this page, but did not receive a response to its request.

Davenport's motion for partial summary judgment(Docket No. 19) be denied.

Within the time limits set forth in the attached notice of electronic filing, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to file timely objections may constitute waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell
Robert C. Mitchell
United States Magistrate Judge

Entered: April 8, 2009